UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JON F. HOSLER d/b/a Midwest ) | No. 03-74471 |
| Instrumentation Electrical Services, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| JEFFREY D. RICHARDSON, ) | |
| Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary No. 03- |
| ) | |
| LOIS LINDSEY, ) | |
| ) | |
| Defendant. ) | |

## ADVERSARY COMPLAINT

NOW COMES Plaintiff, Jeffrey D. Richardson, Chapter 7 Trustee, by his attorneys, Tietz & Richardson, and for his Adversary Complaint respectfully states as follows:

1. This Court has jurisdiction over this core adversary proceeding pursuant to the provisions of 28 U.S.C. §§157 and 1334 and 11 U.S.C. §548.

2. The debtor filed his voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on September 24, 2003.

3. Plaintiff, Jeffrey D. Richardson, Chapter 7 Bankruptcy Trustee ("the Trustee"), is the debtor's Chapter 7 Bankruptcy Trustee.

4. On or about September 16, 2003, the debtor withdrew $8,000.00 from his personal bank account at First National Bank of Decatur and paid those funds over to a business associate, defendant, Lois Lindsey.

2

5. The debtor made that transfer with the intent to hinder, delay or defraud his creditors, or in the alternative, the defendant was not a creditor, and the transfer was made to the defendant to pass money to the defendant to pay the bills of a business the defendant received from the debtor without paying any consideration.

6. The payment to Lois Lindsey is a fraudulent transfer under 11 U.S.C. §548 and is recoverable by the Trustee.

WHEREFORE, Plaintiff, Jeffrey D. Richardson, Chapter 7 Trustee, respectfully prays for judgment in his favor and against defendant, Lois Lindsey in the sum of $8,000.00 plus pre-judgment interests and costs of suit.

JEFFREY D. RICHARDSON
Tietz & Richardson, Attorneys for Plaintiff
Registration No. 02330067
P. O. Box 1640
Decatur, IL 62525
Tele: 217/425-1515

## VERIFICATION

Under penalties of perjury as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters therein stated to be on information and belief and as to such matters, the undersigned certifies as aforesaid the he verily believes the same to be true.

## CERTIFICATE OF SERVICE

I certify that on December ___, 2003, I deposited a copy of the foregoing in a U. S. Post Office box at Millikin Court, 132 South Water Street, Decatur, Illinois, enclosed in an envelope with the proper postage prepaid, addressed to the following in the manner set forth:

U. S. Trustee
401 Main Street, Suite 1100
Peoria, IL 61602

# TIETZ & RICHARDSON
### ATTORNEYS AT LAW
132 SOUTH WATER STREET, SUITE 444
P. O. BOX 1640
DECATUR, ILLINOIS 62525-1640

CHRISTOPHER M. TIETZ
JEFFREY D. RICHARDSON

(217) 425-1515

TELECOPIER
(217) 425-4077

HARDIN W. HAWES CLERK
U.S. BANKRUPTCY COURT
CENTRAL IL DISTRICT

2003 DEC -9 PM 12: 10

FILED

December 8, 2003

Mr. Hardin W. Hawes
U. S. Bankruptcy Clerk
226 U. S. Courthouse
600 E. Monroe Street
Springfield, IL 62701

  RE: Jon F. Hosler, Bkcy. Case No. 03-74471

Dear Mr. Hawes:

  Enclosed herewith is a new adversary action to recover what I believe is probably a fraudulent transfer to the detriment of the estate. Also enclosed is my Trustee's check for $150.00 and an Application to employ my firm to pursue this action and potentially additional bankruptcy adversary actions. I would appreciate it if an objection date was fixed on the Application.

              Very truly yours,

              [signature]

JDR/mal
Enclosures
cc: U. S. Trustee